UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) Cause No. 1:13-cr-98-WTL-DML |
| DENNIS NEIL VANHOUTEN, | ) |
| Defendant. | ) |

**ENTRY ON MOTION TO SUPPRESS AND OTHER MATTERS**

Prior to the bench trial held in this cause on April 15, 2014, the Court took part of the Defendant's motion to suppress (dkt. no. 48) under advisement. The Court now **DENIES** the motion for the reasons set forth below.[1] In addition, the Court also addresses two other outstanding issues.

On March 18, 2014, the Defendant, Dennis Neil VanHouten, filed a motion to suppress that rested on two main arguments. His first argument, that the initial traffic stop and continued detention of him was violative of his Fourth Amendment rights, was denied by this Court on April 4, 2014 (dkt. no. 59). His second argument, that any statements made by him must be suppressed because they were obtained in violation of his Fifth and Sixth Amendment rights, was taken under advisement until a factual finding could be made at trial. As noted in the Court's Entry, VanHouten presented a different factual scenario than the Government with regard to what he said while he was interviewed by police in the back of a squad car.

---

[1] The Court notes that it has considered VanHouten's late filing of a Reply Brief in support of his motion to suppress that was docketed on April 16, 2014 (dkt. no. 63). While much of the Reply is dedicated to the part of his motion to suppress that was already denied, the Court did consider the parts relevant to the *Miranda* issue addressed below.

The Government's version is as follows. Once Special Agent Eric Jensen took out a *Miranda* waiver form, VanHouten said, "If you read that to me, I'm done talking to you." The form was then read to VanHouten. Agent Jensen asked VanHouten if he understood his rights, to which he nodded his head up and down; he did not sign the form because he was in handcuffs. Despite what he said, VanHouten continued to talk to the officers until he *actually* invoked his right to remain silent by saying, "Now I am done talking to you."

In contrast, VanHouten alleges that after Agent Jensen took out the *Miranda* waiver form, he stated, "If you have to read that to me, I'm going to have to have an attorney present." The difference, therefore, is whether VanHouten attempted to invoke his right to remain silent or his right to counsel.

At trial, the Government called Agent Jensen as a witness. He testified that VanHouten said, "If you read that to me, I'm done talking to you." VanHouten took the opportunity to cross-examine Agent Jensen on this issue, among others, but Agent Jensen adhered to his testimony that VanHouten did not invoke his right to counsel. When the time came for VanHouten to present a defense, he chose not to—he did not call any witnesses nor did he testify on his own behalf to present his side of the story. In other words, he did not present any evidence that he invoked his right to counsel. Accordingly, the Court finds that VanHouten did not invoke his right to counsel, but rather said, "If you read that to me, I'm done talking to you."

The Court, therefore, finds that VanHouten did invoke his right to remain silent; however, as noted in its previous Entry, VanHouten "subsequently voluntarily waive[d] that right" when he continued talking with the officers. *United States v. Madison*, 689 F.2d 1300, 1307 (7th Cir. 1982); *see also Miranda v. Arizona*, 384 U.S. 436, 460 (1966) ("That privilege against self-incrimination guarantees a person under custodial interrogation the right to remain

silent unless he chooses to speak in the unfettered exercise of his own will.") (internal quotation marks omitted).  That VanHouten did not sign the written waiver form is not dispositive of the issue nor did it render his later oral waiver involuntary. *See United States v. Murdock*, 491 F.3d 694, 700 (7th Cir. 2007) ("Finally, the officers' failure to obtain a written waiver from Murdock does not render his oral waiver or subsequent confession involuntary.").  Accordingly, his motion to suppress (dkt. no. 48) is **DENIED**.

Next, the Court wishes to address a submission VanHouten filed entitled "Appearance Brief in the Nature of Judicial Notice" (dkt. no. 56).  Attached to this submission are two documents that appear to have been sent to the Government:  "Affidavit of Notice of Default and of Res Judicata," sent on March 24, 2014, and "Conditional Acceptance for Value (CAFV) – Private Independent Administrative Process – Article I Redress of Grievance Under Ninth Amendment Reservations for Resolution and Equitable Settlement of Necessity.  In the Nature of Request for Proof of Claim/Discovery," sent on February 19, 2014.  The Government did its best to respond to these documents, likening the filings to a motion to dismiss, and requested that the Court deny his requests (dkt. no. 57).[2]

The content of the VanHouten's submission is nearly incomprehensible.  To the extent that the Court can decipher the arguments raised by VanHouten, the Court notes that the Court of Appeals that sits in review of this Court, the Seventh Circuit, has already wholly rejected these arguments.

> Our intention is not to quash the presentation of creative legal arguments or novel legal theories asserted in good faith.  But the arguments raised by these defendants were not in good faith.  We have repeatedly rejected their theories of

---

[2] To the extent that the submissions are challenging this Court's jurisdiction, as the Government interpreted them, the Court has already addressed and rejected these challenges, finding that the Court has both personal jurisdiction over VanHouten and subject matter jurisdiction over his cause. *See* dkt. no. 51.

3

> individual sovereignty, immunity from prosecution, and their ilk. *See United States v. Burke*, 425 F.3d 400, 408 (7th Cir. 2005); *United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993) (rejecting the "shop worn" argument that a defendant is a sovereign and is beyond the jurisdiction bounds of the district court); *United States v. Sloan*, 939 F.2d 499, 500-01 (7th Cir. 1991); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (describing defendant's proposed "sovereign citizen" defense as having "no conceivable validity in American law"); *United States v. Phillips*, 326 Fed. Appx. 400 (7th Cir. 2009) (dismissing jurisdiction arguments as frivolous because federal courts have subject matter and personal jurisdiction over defendants brought before them on federal indictments alleging violations of federal law). Regardless of an individual's claimed status of descent, be it as a "sovereign citizen," a "secured-party creditor," or a "flesh-and-blood human being," that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented.

*United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011). The Court respects nothing more than VanHouten's right to defend himself against the charges brought against him. However, given its insufficiency, the Court must, on its own motion, **STRIKE** this submission (dkt. no. 56 and the attachments) from the record.

Finally, VanHouten filed a motion for discovery (dkt. no. 32) in November 2013. The requests made in the motion have been addressed by the Government and the Court. *See* dkt. nos. 40 and 51. VanHouten was provided with all discovery to which he was entitled, and accordingly, this motion (dkt. no. 32) is **DENIED AS MOOT**.

SO ORDERED: 05/01/2014

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

4

**Copy by U.S. mail to:**

> **DENNIS NEIL VANHOUTEN**
> **Jail ID T00704575**
> **Cell Block 4R**
> **MARION COUNTY JAIL**
> **Inmate Mail/Parcels**
> **40 South Alabama Street**
> **Indianapolis, IN 46204**

Copies to all counsel of record via electronic communication